IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
IN RE                              )
                                   )
GREGORY and SHARRON MITCHELL,      )   CASE NO. 10-33215-H3-13
                                   )
        Debtors                    )
                                   )
```

MEMORANDUM OPINION

Came on for trial the "Debtors' Objection to Claim of Roundup Funding, LLC (Claim #2)" at Docket No. 22, the "Debtors' Objection to Claim of CR Evergreen, LLC (Claim #7)" at Docket No. 25, and the "Debtors' Objection to Claim of CR Evergreen, LLC (Claim #9)" at Docket No. 27, filed by Gregory and Sharron Mitchell. After considering the Responses filed thereto (Docket Nos. 45, 46 and 50), the pleadings, evidence and argument of counsel, the court makes the following findings of fact and conclusions of law. A separate Judgment will be entered sustaining the Objections and disallowing the claims of Roundup Funding, LLC and CR Evergreen, LLC. To the extent any findings of fact are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law are construed to be findings of fact, they are hereby adopted as such.

Findings of Fact

1. Gregory and Sharron Mitchell, Debtors, filed a voluntary Chapter 13 bankruptcy petition on April 19, 2010.

2. On June 2, 2010, Roundup Funding, LLC (Roundup), as successor in interest to Capital One, N.A., filed an unsecured proof of claim on June 2, 2010 in the amount of $2,010.20, Proof of Claim No. 2, based upon money owed by Debtors to Capital One, N.A. Debtors' Schedule F lists Capital One as an unsecured creditor in the amount of $1,972.64 pursuant to an account ending in 3267. Docket No. 1. Roundup claims that Debtors' account was part of a bulk purchase from Capital One in May 2010. Docket No. 50. Roundup amended its proof of claim on September 24, 2010 to add the Affidavit of Steven G. Kane, a copy of a "Bill of Sale," and copies of Capital One's statements sent to Debtors.

3. On July 8, 2010, CR Evergreen, LLC (Evergreen), as successor in interest to FIA Card Services N.A. a/k/a Bank of America, filed an unsecured proof of claim in the amount of $4,770.63, Proof of Claim No. 7, based upon money owed by Debtors to Bank of America. Debtors' Schedule F lists Bank of America as an unsecured creditor in the amount of $4,623.38 pursuant to an account ending in 9515. Docket No. 1. Evergreen claims that Debtors' account was part of a bulk purchase from Bank of America in June 2010. Docket No. 46. Evergreen amended its proof of claim on November 15, 2010 to add the Affidavit of Steven G. Kane and a copy of a "Bill of Sale and Assignment of Loans."

4. On August 2, 2010, Evergreen, as successor in interest to Chase Bank USA, N.A., filed an unsecured proof of claim in the amount of $8,941.35, Proof of Claim No. 9, based upon money

owed by Debtors to Chase Bank USA, N.A. Debtors' Schedule F lists Chase Bank as an unsecured creditor in the amount of $8,491.50 pursuant to an account ending in 1708. Docket No. 1. Evergreen claims that Debtors' account was part of a bulk purchase from Chase Bank in July 2010. Docket No. 46. Evergreen amended its proof of claim on October 15, 2010 to add copies of Chase Bank's statements sent to Debtors. Evergreen again amended its proof of claim on November 15, 2010 to add the Affidavit of Steven G. Kane, a copy of an "Assignment of Accounts," and copies of Chase Bank's statements sent to Debtors.

     5. Debtors object to these claims on the bases that no monies were owed by Debtors to Roundup or Evergreen and that the documentation in support of these claims is insufficient to assert or substantiate Debtors' personal liability on the debts. Debtor, Gregory Mitchell, testified that he and his wife had no knowledge of Roundup, Evergreen, or FIA Card Services N.A. He testified that he and his wife had never borrowed money from, and had never owed money to Roundup, Evergreen, or FIA Card Services N.A. Debtor testified that he had accounts with Capital One, Bank of America, and Chase.

     6. Roundup and Evergreen did not present any witnesses. No evidence was admitted on behalf of Roundup and Evergreen. Roundup and Evergreen announced to the court that they were relying on their Responses and the supporting documents attached to their claims.

7. The Affidavit of Steven G. Kane does not establish that Kane is the proper custodian of the records of Roundup, Evergreen or their purported predecessors in interest. The bills of sale and assignments, attached to the Affidavit and the proofs of claims, reference other documents that identify the accounts which are the subject of the transfers, but these identifying documents were not attached to the claims nor were they produced by Roundup or Evergreen. The court finds that there is no evidence that the accounts of the Debtors were transferred to Roundup or Evergreen by their purported predecessors in interest.

Conclusions of Law

1. When a proof of claim in bankruptcy is filed, the party filing the claim is presumed to have made a prima facie case against the debtor's assets. *In re Fidelity Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). The objecting party must produce evidence rebutting the presumption raised by the proof of claim. *Id*. If such evidence is produced, the party filing the claim must then prove by a preponderance of the evidence the validity of the claim. *Id*. The claiming party, through this process, bears the ultimate burden of proof. Id. Accord *In re Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143-1144 (5th Cir. 1987) and *In re Joseph A. Burger*, 125 B.R. 894, 902 (Bankr. D. Del. 1991).

4

2. Once the Objector rebuts the prima facie case, it is up to the claimant to come forward with his evidence to substantiate his claim by a preponderance. The Objector can rebut the prima facie validity of the proof of claim with specific and detailed allegations to put the matter at issue and to shift the burden of proof. The Objectors here, the Debtors, successfully rebutted the prima facie validity of the claim by their testimony. They thus shifted the burden of proof and the claimants should present evidence to establish by a preponderance of the evidence the validity of the claims. Claimants failed to present such evidence.

## Conclusion

Based upon the above and foregoing, the Debtors' objections to the claim of Roundup Funding, LLC (Claim #2) and the claims of CR Evergreen, LLC (Claims #7 and #9) are sustained and the claims of Roundup Funding, LLC (Claim #2) and the claims of CR Evergreen, LLC (Claims #7 and #9) are disallowed. A separate Judgment will be entered in conjunction herewith.

SIGNED at Houston, Texas on this 21st day of March, 2011.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE